**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:08-CR-155** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **EDWARD MONTGOMERY** | : | |

## ORDER

AND NOW, this 18th day of June, 2010, upon consideration of the motion (Doc. 163) for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), filed by defendant, and it appearing that counsel has been appointed to represent defendant in matters related to sentence reductions pursuant to 18 U.S.C. § 3582(c)(2) (see Doc. 164), it is hereby ORDERED that the *pro se* motion for sentence reduction (Doc. 163) is STRICKEN from the record in the above-captioned case[1] without prejudice to defendant's right to file subsequent motions through counsel of record.[2]

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] See Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party."); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993); United States v. Gallardo, 915 F. Supp. 216, 218 n.1 (D. Nev. 1995) (same); Non-Punitive Segregation Inmates of Holmesburg Prison v. Kelly, 589 F. Supp. 1330, 1335-36 (E.D. Pa. 1984) (same); see also McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) ("[The Constitution] does not require a trial judge to permit 'hybrid' representation . . . ."); United States v. Singleton, 107 F.3d 1091, 1100 & n.7 (4th Cir. 1997) (same); Linnen v. Armainis, 991 F.2d 1102, 1105 & n.3 (3d Cir. 1993) (same); United States v. Romano, 849 F.2d 812, 816 (3d Cir. 1988) (same); cf. United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995).

[2] This ruling should not be construed as any indication of the court's view on whether defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).